## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-CV-0371-CVE-JFJ |
| | ) | |
| STATE OF OKLAHOMA ex rel., | ) | |
| GRAND RIVER DAM AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss and Brief in Support (Dkt. # 5). Defendant State of Oklahoma ex rel. Grand River Dam Authority (GRDA) argues that it is entitled to sovereign immunity from plaintiff's claims, and GRDA asks the Court to dismiss plaintiff's claims for lack of subject matter jurisdiction. Dkt. # 5. Plaintiff responds that GRDA does not have sovereign immunity in its capacity as an employer, because it is not acting as an arm of the state when dealing with its employees. Dkt. # 7. Plaintiff also argues that the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq. (ADA) and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA) each contain a valid waiver of sovereign immunity permitting claims against a state agency or employer.

## I.

Plaintiff states that he was employed by GRDA as a maintenance technician in the Coal Fire Plant beginning in 2007, and he began experiencing respiratory problems in 2018. Dkt. # 1, at 3. In May 2018, plaintiff had a heart attack and heart surgery, and he needed accommodations to return to work following surgery. Id. Plaintiff alleges that he was assigned to a position in the

Hydro Generation Department to accommodate his post-surgery restrictions, and he remained in that position until August 3, 2020.  Id. Plaintiff was reassigned to the Coal Fire Plant and he claims that the work exacerbated his breathing problems.  Id. at 4.  Plaintiff states that he was sent home on August 14, 2020 for health reasons, and he requested an accommodation that would allow him to return to work.  Id.  On August 26, 2020, plaintiff received a pre-termination letter stating that his employment was being terminated due to his inability to perform the essential functions of his position.  Id.  A pre-termination hearing was set for September 3, 2020, but plaintiff claims the hearing was cancelled after he filed a worker's compensation claim.  Id.  Plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC), and he timely filed this case after receiving notice of his right to sue.  Although plaintiff does not identify the statutory basis for each claim, it appears that he is alleging claims of disability discrimination under the ADA, "wrongful discharge," age discrimination in violation of the ADEA, and hostile work environment possibly under the ADA and ADEA.

## II.

GRDA argues that it is an arm of the state and that it has sovereign immunity from suit. Sovereign immunity is a limitation on the Court's subject matter jurisdiction, and defendant's motion is considered a challenge to the Court's subject matter jurisdiction.  See Clymore v. United States, 415 F.3d 1113, 1118 n.6 (10th Cir. 2005).  When considering a motion to dismiss under Rule 12(b)(1), the Court must determine whether the defendant is facially attacking the complaint or challenging the jurisdictional facts alleged by the plaintiff.  In Holt v. United States, 46 F.3d 1000 (10th Cir. 1995), the Tenth Circuit stated:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms.  First, a facial attack on the complaint's allegations as to subject matter jurisdiction

2

questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. . . .  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. at 1002-03. Here, GRDA has facially attacked the sufficiency of the complaint's allegations as to the existence of subject matter jurisdiction over plaintiff's claims.  In analyzing such motions to dismiss, the Court must presume all of the allegations contained in the complaint to be true.  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002); Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  This is the same standard of review applied to motions arising under Fed. R. Civ. P. 12(b)(6).  See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted.  A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,  555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level."  Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions."  Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant.  Twombly, 550 U.S. at 555;

Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

GRDA argues that it has sovereign immunity from suit under the Eleventh Amendment, and the waivers of sovereign immunity contained in the ADA and the ADEA have been found invalid by the Supreme Court.  Dkt. # 5.  Plaintiff argues that GRDA is not entitled to sovereign immunity in its capacity as an employer, and the Court should conclude that GRDA has sovereign immunity only "in the context of water and flood control duties."  Dkt. # 7, at 2.  Relying on the dissenting opinions from the Supreme Court decisions cited by GRDA, plaintiff argues that the ADA and ADEA have validly abrogated the sovereign immunity of the states or a state agency, and he asks the Court to deny GRDA's motion to dismiss.  Id. at 3-6.

Under the Eleventh Amendment to the United States Constitution, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ."  U.S. CONST. amend. XI.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001).  Agencies of the State of Oklahoma are treated as the state for the purpose of sovereign immunity under the Eleventh Amendment.  Pettigrew v. Oklahoma ex rel. Dept. of Public Safety, 722 F.3d

1209, 1212-13 (10th Cir. 2013).   Congress may abrogate a state's sovereign immunity if Congress "(1) unequivocally indicates its intent to abrogate state sovereign immunity, and (2) acts pursuant to a valid grant of constitutional authority under § 5 [of the Fourteenth Amendment]."  Guttman v. Khalsa, 559 F.3d 1101, 1117 (10th Cir. 2012).

Plaintiff disputes that GRDA is an arm of the state that is entitled to rely on a defense of sovereign immunity.  Plaintiff acknowledges that the Tenth Circuit Court of Appeals previously determined that GRDA is a state agency entitled to Eleventh Amendment immunity in Steadfast Ins. Co. v. Agricultural Ins. Co., 507 F.3d 1250 (10th Cir. 2007), but he claims that this does not give GRDA sovereign immunity from all types of claims. Dkt. # 7, at 1-2.  However, plaintiff cites no authority supporting his argument for limited or selective sovereign immunity depending upon the type of claim being alleged against the state agency.  As noted in Steadfast, a state agency can waive sovereign immunity by removing a case to federal court or contesting the merits of a plaintiff's claims.  Steadfast Ins. Co., 507 F.3d at 1256.  Neither of these exceptions applies in this case, because plaintiff originally filed the case in federal court and GRDA promptly raised the defense of sovereign immunity in a motion to dismiss.   The Court finds that GRDA is an arm of the state that is entitled to rely on a defense of sovereign immunity.

Plaintiff appears to be alleging claims of violations of the ADA as it relates to his former employment with GRDA, and GRDA argues that it has sovereign immunity from such claims.  The ADA prohibits discrimination based on disability in three major contexts: "employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III."  Tennessee v. Lane, 541 U.S. 509, 516-17 (2004).  When the ADA was enacted, Congress included a provision abrogating a

state's sovereign immunity from suit under Title I of the ADA.  The Supreme Court has determined that Congress failed to make the necessary findings under § 5 of the Fourteenth Amendment to abrogate the states' sovereign immunity, and the waiver of sovereign immunity contained in Title I of the ADA was invalid.  Garrett, 531 U.S. at 374.  Plaintiff's ADA claims relate to his employment and fall within Title I of the ADA.  Plaintiff claims that GRDA is attempting "hide behind the Garrett decision," and he asks the Court to follow a dissenting opinion in Garrett to find that Title I of the ADA validly abrogates GRDA's sovereign immunity.  This argument ignores well-settled Tenth Circuit precedent following the majority opinion in Garrett, and it is clear  that employment-related claims arising under the ADA against a state employer are barred by sovereign immunity.  Levy v. Kansas Dep't of Soc. and Rehab. Servs., 789 F.3d 1164, 1168-69 (10th Cir. 2015); Estes v. Wyoming Dep't of Transp., 302 F.3d 1200, 1203 (10th Cir. 2002).  GRDA has sovereign immunity from plaintiff's ADA claims, and plaintiff's ADA claims should be dismissed without prejudice for lack of subject matter jurisdiction.

As to plaintiff's ADEA claims, the ADEA also contains a waiver of a state's Eleventh Amendment immunity, and Congress intended to allow individuals to sue state employers in the same manner as private employers.  However, the Supreme Court found that the waiver of sovereign immunity contained in the ADEA is invalid, and states retain their sovereign immunity from suit as to ADEA claims unless otherwise waived.  Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000).  Plaintiff claims that GRDA has "ignored" the dissenting opinion in Kimel, and he again asks the Court to follow the dissent.  Kimel plainly held that the ADEA does not contain a valid waiver of a state's sovereign immunity from suit under the ADEA, and plaintiff's reliance on the dissenting opinion in Kimel provides no basis to allow him to proceed with an ADEA claim against GRDA.

<u>Fuller v. Dep't of Children and Families</u>, 805 F. App'x 601, 605 (10th Cir. Mar. 30, 2020) ("the ADEA does not validly abrogate the states' sovereign immunity").[1]  GRDA has sovereign immunity from ADEA claims and plaintiff's ADEA claim should be dismissed without prejudice.

The Court has reviewed plaintiff's complaint and he could be attempting to assert claims under state law.  Count II of the complaint alleges that GRDA violated Oklahoma law as to the use of his accumulated sick leave and paid time off, and he claims that GRDA violated grievance procedures established by state regulations.  Dkt. # 1, at 8.  The state of Oklahoma has sovereign immunity from suit under state law, except to the extent that the state has waived its sovereign immunity under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 <u>et</u> <u>seq.</u> (GTCA).  Compliance with the notice provisions of the GTCA is a mandatory jurisdictional prerequisite to establish a waiver of the state's sovereign immunity as to tort claims, and plaintiff has not alleged that he complied with the GTCA before filing this case.   Therefore, plaintiff has not alleged sufficient facts to establish that GRDA has waived its sovereign immunity as to state law claims.  <u>I.T.K. v. Mounds Public Schools</u>, 451 P.3d 125, 134 (Okla. 2019).  The Court also notes that all of the claims arising under federal law have been dismissed, and the Court would decline to exercise subject matter jurisdiction over any remaining state claims that are contained in plaintiff's complaint.  <u>See</u> 28 U.S.C. § 1367(c)(2).

---

[1]     Unpublished decisions are not binding precedent in the Tenth Circuit but may be cited for their persuasive value.  <u>See</u> Fed. R. App. 32.1; 10th Cir. R. 32.1.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss and Brief in Support (Dkt. # 5) is **granted**, and plaintiff's claims are dismissed without prejudice for lack of subject matter jurisdiction.

**DATED** this 23rd day of May, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

8